## UNITED STATES v. ÆTNA LIFE INS. CO.

(District Court, D. Connecticut. August 13, 1919.)

INTERNAL REVENUE ☜9—EXCISE TAX ON CORPORATIONS—DEDUCTIONS FROM GROSS INCOME—TAXES PAID.

Under Corporation Excise Tax Act, § 38 (4), a corporation which, as stockholder, receives dividends from another corporation, is not entitled to deduct from its gross income taxes paid on its stock in its behalf by the latter corporation, where it did not include the amount of such taxes in its return of gross income.

At Law. Action by the United States against the Ætna Life Insurance Company. Judgment for the United States.

Allan K. Smith, Asst. U. S. Atty., of Hartford, Conn.

Lewis Sperry and Lucius F. Robinson, both of Hartford, Conn., for defendant.

GARVIN, District Judge. This action is submitted to the court for determination upon an agreed state of facts. It appears that the defendant, an insurance company incorporated under the laws of the state of Connecticut, was subject to pay annually during the years 1909, 1910, and 1911, with respect to the carrying on and doing of its business, the excise tax imposed by section 38 of the Act of Congress approved August 5, 1909 (36 Stat. 111, c. 6), and was subject in all respects to the provisions of that section.

On or before March 1st in each of these years the defendant duly made its return to the collector of internal revenue in the proper district in the form prescribed by the Commissioner of Internal Revenue, as required by said section, which returns showed that the net income of the defendant for each of these three years exceeded $5,000. On or about June 1st of the years 1910, 1911, and 1912 an excise tax under said act was duly assessed against the defendant for the years ending December 31, 1909, 1910, and 1911 respectively; said tax being 1 per cent. on the net income of the defendant. The tax was in each case paid as assessed.

When the defendant filed its return, showing its net income for the year ending December 31, 1909, it deducted $479,625 as "Taxes paid during the year ending December 31, 1909, imposed under authority of the United States or states and territories thereof." Of this sum, it is conceded that $409,967.36 was lawfully deducted. It is claimed by the plaintiff that defendant should also have paid a tax of 1 per cent. on the remainder, $69,657.64; i. e., $696.56. Of the latter sum defendant admits liability to the extent of $227.62, leav-

ing $468.96 in dispute. The amount admitted for 1910 is $343.17; $413.41 being in dispute. For 1911, $543.28 is admitted; $527.60 being in dispute. These sums in dispute represent taxes paid by various corporations upon shares of their stock owned by defendant, which taxes were imposed during the several years 1909, 1910, and 1911 by the state of Connecticut under chapter 54 of the Public Acts of 1905.

The deductions allowed a corporation by the act of August 5, 1909, include "all sums paid by it within the year for taxes imposed under the authority of the United States or of any state or territory thereof, or imposed by the government of any foreign country as a condition to carrying on business therein." The taxes in question were not paid by the defendant, but in its behalf by other corporations.

While it is true that "a statute providing for the imposition of taxes is to be strictly construed, and all reasonable doubts in respect thereto resolved against the government and in favor of the citizen" (Mutual Benefit Life Ins. Co. v. Herold [D. C.] 198 Fed. 199, and cases therein cited), no doubtful meaning is here involved. The language of the act is clear and explicit. The allowable deductions in the case of a domestic corporation are plainly set forth:

"Deductions Allowed from Gross Income in the Case of a Domestic Corporation.

"Second. Such net income shall be ascertained by deducting from the gross amount of the income of such corporation, joint stock company or association, or insurance company, received within the year from all sources:

"First, all the ordinary and necessary expenses actually paid within the year out of income in the maintenance and operation of its business and properties, including all charges such as rentals or franchise payments, required to be made as a condition to the continued use or possession of property;

"Second, all losses actually sustained within the year and not compensated by insurance or otherwise, including a reasonable allowance for depreciation of property, if any, and in the case of insurance companies the sums other than dividends, paid within the year on policy and annuity contracts and the net addition, if any, required by law to be made within the year to reserve funds;

"Third, interest actually paid within the year on its bonded or other indebtedness to an amount of such bonded and other indebtedness not exceeding the paid-up capital stock of such corporation, joint stock company or association, or insurance company, outstanding at the close of the year, and in the case of a bank, banking association or trust company, all interest actually paid by it within the year on deposits;

"Fourth, all sums paid by it within the year for taxes imposed under the authority of the United States or of any state or territory thereof, or imposed by the government of any foreign country as a condition to carry on business therein;

"Fifth, all amounts received by it within the year as dividends upon stock of other corporations, joint stock companies or associations, or insurance companies, subject to the tax hereby imposed."

If it had been the intention to permit such a deduction as defendant urges, the act would have provided that there be included "all sums paid by it or in its behalf within the year. * * *"

Defendant relies upon a decision by the Treasury Department rendered March 24, 1916, reading in part:

"You are advised that, when a corporation pays taxes for its stockholders, such payments represent a portion of the earnings of the corporation, which, instead of being distributed to the stockholders in the form of dividends, is used in payment of taxes which the stockholders individually owe. Should you, instead of paying the taxes, pay over this sum to the stockholders, the stockholders would be required to return the amount as income received, and would then be entitled to deduct the same under the item of taxes paid during the year. Under the Excise Tax Law a stockholder which is a corporation is entitled to deduct from gross income all dividends received from another corporation subject to tax, and therefore is entitled to deduct as a dividend that portion of the earnings of the corporation in which it owns stock, which is represented by the stockholder's tax. For the years 1909 to 1912, inclusive, therefore, the corporation which is a stockholder will be entitled to an additional deduction on account of the taxes paid for it by the corporation issuing the stock, for the reason that it produces the same result as if the corporation owning the stock was required to return as income for these years the full amount of the dividend, including that portion of the dividend diverted to pay tax, and then took credit as a deduction for this entire amount under the item of dividends received from other corporations, and also took credit for the amount of taxes paid under that item. Under the Income Tax Law, however, a corporation is not entitled to deduct from gross income dividends received from other corporations. Consequently, if it claims the benefit of deducting from gross income taxes paid for it by another corporation, it must include such amount in income, as the deduction counterbalances the receipt. As you, the stockholder in this case, did not return as income the amount in question, you are not entitled under the income tax law to deduct the same. The claim on account of the tax assessed for the year 1913 is accordingly rejected, and you will find inclosed notice of demand for payment of this tax.

"The claim for the abatement of the additional tax assessed for 1912 has received favorable consideration for the reason above stated."

This decision points out that a corporation, making a claim such as is advanced by defendant, must have included in its return as income the taxes which were paid in its behalf by other corporations. No such return was made by defendant herein; therefore the decision is not in point, even if it were controlling on the court.

There was no refusal nor neglect to make a return within the meaning of the act, and therefore no penalty will be allowed.

Judgment for plaintiff for $2,524.04, with interest from June 9, 1915